IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:16-CV-1513-VEH |
| | ) |
| LATESHA W. KING and | ) |
| NICHOLAS KING, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action for unlawful detainer and ejectment was commenced by Plaintiff America's Home Place, Inc.'s ("AHP") filing of a complaint in the Circuit Court of Talladega County against Defendants LaTesha W. King ("Ms. King") and Nicholas King ("Mr. King") on July 21, 2016. (Doc. 1 at 1 ¶ 1). Both Defendants have been served with a summons and a copy of the state court complaint. (*Id.* ¶¶ 2, 3). On August 5, 2016, Ms. King filed a voluntary bankruptcy petition under Chapter 13 in the Eastern Division of the United States Bankruptcy Court for the Northern District of Alabama, Case No. 16-41271-JJR13 (the "Bankruptcy Proceeding"). (*Id.* ¶ 3).

In light of Ms. King's Bankruptcy Proceeding and Mr. King's co-debtor status pursuant to 11 U.S.C. § 1301, AHP removed the state court case to this court on

September 13, 2016, under the provisions of 28 U.S.C. § 1334[1] and 28 U.S.C. § 1452.[2] (Doc. 1 at 2 ¶ 7). In its removal petition, AHP indicated that it would

---

[1] Section 1334 provides in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11….

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction–

   (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

   (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

28 U.S.C. § 1334(a), (b), (e).

[2] Section 1452 provides in full:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452.

subsequently seek a referral of this case to the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division. (Doc. 1 at 1).

On September 15, 2016, AHP filed a Motion To Remand (Doc. 3) (the "Motion"). The Motion reports that Ms. King has moved for and obtained a dismissal of her Bankruptcy Proceeding. (Doc. 3 at 2 ¶ 4). Further, attached to the Motion is a copy of the order by the Bankruptcy Court dismissing Ms. King's Bankruptcy Proceeding on September 13, 2016. (Doc. 3 at 5). Therefore, the Motion seeks a remand to the Circuit Court of Talladega County because AHP's basis for removal and reference to the Bankruptcy Court–Ms. King's Bankruptcy Proceeding–no longer exists. (Doc. 3 at 2 ¶ 5).

The court entered an order (Doc. 6) on September 19, 2016, directing Defendants to show cause, no later than 5:00 p.m. on September 29, 2016, why the Motion should not be granted. The show cause deadline has passed without any filing by Defendants.

Subsequently, however, AHP filed an Amended Motion To Remand (Doc. 8) ("Amended Motion") on October 3, 2016. This Amended Motion asks this court to defer ruling on AHP's Motion for 60 days based upon a show cause response filed in a separate case–1:16-CV-1514-KOB–pending before another judge that involves AHP, Ms. King, Mr. King, and two additional defendants. (Doc. 8 at 4 ¶ 10). In that

attached show cause response, Ms. King and Mr. King indicate that they "are in the process of filing a Chapter 7 Bankruptcy." (Doc. 8 at 8 ¶ 2). Interpreting this show cause response to mean "that a second bankruptcy filing is imminent," AHP suggests that remanding the case immediately would be a waste of judicial and its resources. (Doc. 8 at 4 ¶ 10).

AHP has not offered any supporting authority to hold its Motion in abeyance for 60 days. Regardless, the court is not persuaded to defer ruling on the Motion as AHP requests, especially in the absence of any express objection raised by Ms. King and Mr. King <u>in this action</u>. Accordingly, the Amended Motion is due to be denied and the Motion is due to be granted. The court will enter a separate order of remand pursuant to § 1452(b).

**DONE** and **ORDERED** this the 5th day of October, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge